UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SURE FILL & SEAL, INC., et al.,

    Plaintiffs,

v.                                        CASE NO.: 8:12-cv-1114-T-23TBM

JOHN H. CARMICHAEL, III, Esq.,
et al.,

    Defendants.
_____/

**ORDER**

    Sure Fill & Seal, Inc., and Hernando Ramirez ("Sure Fill") sue (Doc. 1) John H. Carmichael, III, and Carmichael's law firm, the Law Offices of John H. Carmichael ("Carmichael"), for legal malpractice, breach of contract, unjust enrichment, declaratory relief, breach of fiduciary duty, and fraud. A resident of California, Carmichael moves (Docs. 20 and 22) to dismiss for lack of personal jurisdiction. Sure Fill responds (Doc. 27).

    In 2010, Sure Fill, a manufacturer of food-packaging machinery, sued Platinum Packaging Group in this court and contested Platinum's claim to a commission on the sale of Sure Fill's product to a third party, No. 8:10-316-T-17TBM (the "Florida action"). Simultaneously, Platinum sued Sure Fill in state court in California for claims arising from the same transaction (the "California

action"). Sure Fill asserted against Platinum in the California action a compulsory counterclaim identical to the claims Sure Fill asserted against Platinum in the Florida action.

Sure Fill retained Carmichael to represent Sure Fill in the California action and to assist with the Florida action. Specifically, Sure Fill instructed Carmichael to move both to stay the California action and to enforce the parties' agreement to Florida as the exclusive venue for litigation. (Doc. 1-1 at 4) The Florida court ruled that the forum selection clause entitled Sure Fill to litigate in Florida. Both actions proceeded.

In the summer of 2010, Carmichael began to founder. Carmichael's affidavit, submitted in the California action and attached to the complaint in this action (Doc. 1), details how his negligence, and his concealment of his negligence, harmed Sure Fill. (Doc. 1-1) His mother's death and his divorce, economic collapse, clinical depression, anxiety, and other difficulties rendered Carmichael, in his words, "functionally bankrupt." (Doc. 1-1 at 8) Carmichael failed to engage in discovery and failed to attend hearings and depositions. (Doc. 1-1) Sure Fill suffered monetary sanctions, and Carmichael both failed to move for a stay and dismissed Sure Fill's compulsory counterclaim in the California action. (Doc. 1-1) Carmichael concealed these and other developments (including his personal afflictions) and misrepresented the status of the California action both to Sure Fill and to Sure Fill's Florida counsel. (Doc. 1-1) The judge in the Florida action, entering summary judgment against Sure

Fill, held Sure Fill's claims barred by their failing to press their compulsory counterclaims in the California action.  No. 8:10-316-T-17TBM (Doc. 56).  The California action resulted in a judgment against Sure Fill.

Determining personal jurisdiction over the defendants requires a two-step inquiry.  First, the exercise of jurisdiction must comport with Florida's long-arm statute.  *See Progressive Growth v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005).  Second, due process "requires that the defendant[s] have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and justice."  *Progressive*, 421 F.3d at 1166 (internal quotes omitted).

Sure Fill's contract and tort claims satisfy Sections 48.193(1)(b) and (g), Florida Statutes.  Although he may not have set foot in Florida, Carmichael's conduct caused injury in Florida.  *Licciardello v. Lovelady,* 544 F.3d 1280, 1283-84 (11th Cir. 2008) ("the Florida long-arm statute permits jurisdiction over the nonresident defendant who commits a tort outside the state that causes injury inside the state"); *Wendt v. Horiwitz*, 822 So. 2d 1352, 1260 (Fla. 2002).

Also, the exercise of personal jurisdiction satisfies due process.  As counsel for Sure Fill, Carmichael engaged in "direct contact" with Sure Fill in Florida.  (Doc. 1-1 at 3)  Carmichael's purposeful conduct necessarily affected Sure Fill and the Florida action; he "created a 'substantial connection'" with Florida.  *Licciardello*, 544 F.3d at

1285. Carmichael should have "reasonably anticipated" that his conduct, aimed expressly at residents in Florida, subjected him to jurisdiction in Florida. *Licciardello*, 544 F.3d at 1284; *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

Finally, jurisdiction comports with notions of "fair play and justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945); *Licciardello*, 544 F.3d at 1284. "Florida has a very strong interest in affording its residents a forum to obtain relief from intentional misconduct of nonresidents causing injury in Florida." *Licciardello*, 544 F.3d at 1288. Florida also acquires an interest in resolving a dispute over a contract if the benefits of the contract would inure in Florida. *Licciardello*, 544 F.3d at 1288; *Cronin v. Washington Nat'l Ins.*, 980 F.2d 663, 671 (11th Cir. 1993).

The defendants' motions to dismiss (Docs. 20 and 22) are **DENIED**. The plaintiffs' motion for default (Doc. 18) is **DENIED**. The defendants must respond to the complaint no later than **February 8, 2013**. The parties must file a joint case management report no later than **February 28, 2013**. The plaintiffs' unopposed motion (Doc. 25) for leave to file a unilateral case management report is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on January 24, 2013.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE